UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL GLOVER and NICOLE GLOVER, GARY LUNETTA and LORI LUNETTA, JEANETTE ANDERSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, LP,<br><br>Defendants. | Civil Action No. 13-40042-TSH<br><br>~~[REDACTED]~~ **FINAL ORDER APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE** |

This matter having come before the Court on May 14, 2015 upon the Unopposed Motion of Representative Plaintiffs, individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated January 26, 2015 ("Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Final Approval Hearing, and any other submissions filed with this Court in connection with the Final Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1. The Settlement Agreement is hereby incorporated by reference into this Order ("Order"), and is hereby adopted by the Court. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2. For purposes of settlement only, the Settlement Class, as that term is defined in the Agreement, is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3. For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3),

the Court hereby finally certifies the following Settlement Class:

> All Massachusetts mortgage loan borrowers who (1) had a Loan that was serviced by Bank of America, (2) on which Bank of America assessed a late fee between January 9, 2007 and January 9, 2013 in a month where a full monthly payment was made between the 1st and 16th days of the month, (3) were assessed a late fee in a prior month, and (4) appear on the Class Member List described in ¶ 2.02 of the Settlement Agreement.

If, for any reason, the Settlement does not become effective, this certification shall be null and void and shall not be used or referred to for any purpose in the Action or any other action or proceedings.

4. For purposes of settlement only, the Court appoints the Plaintiffs as representatives of the Settlement Class and finds that they meet the relevant requirements of Fed. R. Civ. P. 23(a).

5. For purposes of settlement only, the Court appoints the following law firms and attorneys as counsel to the Settlement Class and finds that these attorneys meet the relevant requirements of Fed. R. Civ. P. 23(a):

> Elizabeth A. Ryan
> Jonathan R. Marshall
> Bailey & Glasser LLP
> 99 High Street, Suite 304
> Boston, MA 02110
>
> Josef C. Culik
> Culik Law P.C.
> 18 Commerce Way, Suite 2850
> Woburn, MA 01801
>
> Kristen M. Antolini
> Northeast Justice Center
> 50 Island Street, Suite 203B
> Lawrence, MA 01840

6. As set forth in the Class Notice, this Court convened the Final Approval Hearing at 2:30 p.m. on May 14, 2015.

7. Pursuant to Fed. R. Civ. P. 23, the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by Representative Plaintiffs' claims and Defendants' defenses.

8. The Court finds that the mailed notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied. Accordingly, no Class Member (excepting only those who are Successful Opt-Outs) may refuse to comply with or be bound by the Settlement Agreement or this Order.

9. After due consideration of Representative Plaintiffs' likelihood of success at trial; the range of Representative Plaintiffs' possible recovery; the complexity, expense, and duration of the litigation; the substance of and amount of any opposition and/or objections to the Settlement; the number of Successful Opt-Outs from the Settlement; the responses of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiffs and the Class Members; all written submissions, affidavits, and arguments of counsel;

and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, adequate and reasonable, and are in the best interest of the Class. Accordingly, the Settlement Agreement should be and is finally approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10. Upon consideration of the application for attorneys' fees and litigation costs by Plaintiffs' Counsel, the aggregate amount of $250,000.00 in attorney fees and costs is hereby awarded to Class Counsel. This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiffs' Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiffs or Class Members (or any of them) with respect to all matters within the scope of the Release, and (c) Representative Plaintiffs or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

11. Upon consideration of the application for an award to Representative Plaintiffs, the Class Representative Award is hereby approved. $5,000.00 shall be paid to Daniel and Nicole Glover; $5,000.00 shall be paid to Gary and Lori Lunetta; and $5,000.00 shall be paid to Jeanette Anderson.

12. In accordance with the Settlement Agreement, and to effectuate the Settlement, the Settlement Administrator or Defendants, as applicable under the terms of the Settlement Agreement, shall cause:

(a) the Settlement Payments and credits to be provided to eligible Class Members in accordance with the terms of the Agreement;

(b) the aggregate attorney fees and costs award made in paragraph 10 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

(c) the Class Representative Awards made in paragraph 11 above to be delivered to Class Counsel in accordance with the terms of the Agreement.

13. The Action and all claims against Defendants are hereby dismissed in accordance with the terms of the Settlement Agreement.

14. Representative Plaintiffs, Plaintiffs' Counsel and each Class Member (except those who are Successful Opt-Outs and appear on a list that is on file with the Court under seal to protect the privacy of those persons, which list is incorporated herein and made a part hereof) shall be forever bound by this Order and the Agreement including the Release set forth in paragraphs 4.01 and 4.02 of the Settlement Agreement providing as follows:

> 4.01(a) Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiffs and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged Defendants and each of their past, present, and future parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind concerning the claims raised in the Action, from the original complaint through the First Amended Complaint, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of accrual, assessment, collection, attempted collection, any alleged failure to refund, return, credit or waive and any disclosures or lack of disclosure related to charges for "late fees" or any

other fee, charge or assessment related to the timely receipt of payments and any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct and/or omissions described in this paragraph 401(a). This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02. In addition to the provisions of paragraph 4.01, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Representative Plaintiffs and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.01, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

15. The Release set forth in paragraph 14 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Representative Plaintiffs, Class Members (except the Successful Opt-Outs) and/or the Releasing Parties concerning matters and claims that are encompassed within the scope of the Release.

16. Defendants and any Released Person are hereby released and forever discharged by Representative Plaintiffs, Class Members (except the Successful Opt-Outs) and the Releasing Parties from all matters and claims within the scope of the Release.

17. Representative Plaintiffs, Plaintiffs' Counsel and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Defendants and/or any Released Person any existing or future claim within the scope of the Release, as embodied in paragraphs 4.01 and 4.02 of the Settlement Agreement. Nothing in this paragraph shall be construed to enjoin Representatives, Plaintiffs' Counsel, and/or Class Members from bringing, joining, assisting in, or continuing to prosecute existing or future claims against Defendants and/or any Released Person that were not released as part of the Settlement.

18. This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of Defendants whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Defendants to enforce the Agreement or to support a defense of *res judicata*, *collateral estoppel*, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. The Parties may, by mutual agreement, amend, modify or expand the provisions of the Settlement Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

20. In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Order, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

21. Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

22. This Order follows this Court's Order Preliminarily Approving Settlement and supersedes the Preliminary Approval Order to the extent of any inconsistency.

Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

SO ORDERED, on this, the 26th day of May, 2015.

_____
HONORABLE TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE